1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9               SOUTHERN DISTRICT OF CALIFORNIA

10

11   DANIEL MARTINEZ RUIZ,                    Case No.:  3:25-cv-03536-RBM-BJW

12                          Petitioner,       **ORDER GRANTING PETITION**

13   v.                                       **FOR WRIT OF HABEAS CORPUS**

14   KRISTI NOEM, Secretary, Department of    **[Docs. 1, 2]**
     Homeland Security, et al.,
15

16                          Respondents.

17

18        Pending before the Court are Petitioner Daniel Martinez Ruiz's ("Petitioner")

19   Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief

20   ("Petition") (Doc. 1) and *Ex Parte* Application for Temporary Restraining Order ("TRO

21   Motion"). (Doc. 2.)  The Petition and TRO Motion seek the same relief: an order releasing

22   Petitioner from custody or requiring an individualized bond hearing before an immigration

23   judge. (Doc. 1 at 13; Doc. 2 at 3.)  For the reasons set forth below, the Court **GRANTS**

24   the Petition and **ORDERS** Petitioner immediately released.

25                          **I.     BACKGROUND**

26        Petitioner is a noncitizen who entered the United States 30 years ago without being

27   admitted or paroled.  (*See* Doc. 1 ¶¶ 1, 15, 42; Doc. 6 at 2.)  On October 30, 2025, he was

28   arrested by immigration authorities, charged with inadmissibility for having entered the

1

1  United States without inspection or admission under 8 U.S.C. § 1182(a)(6)(A)(i), and

2  placed into removal proceedings.  (Doc. 1 ¶ 42.)  At Petitioner's November 28, 2025

3  custody redetermination hearing, the immigration judge found she lacked jurisdiction

4  under *Matter of Yajure Hurtado*, 29 I & N. Dec. 216 (BIA 2025) and that detention was

5  mandatory under 8 U.S.C. § 1225.  (*Id.* ¶ 9.)  After making this finding, however, the

6  immigration judge "review[ed] the 101-page evidentiary submission attesting to

7  Petitioner's ties to the United States and good moral character" and "determined that she

8  would have awarded [Petitioner] a $2000 bond . . . with monitoring at the discretion of the

9  government . . . should she have had jurisdiction."  (Doc. 2-2 [Declaration of Emily L.

10  Robinson in Support of Petitioner's Petition for Writ of Habeas Corpus ("Robinson

11  Decl.")] ¶ 9.)  "Petitioner has no disqualifying criminal convictions, inadmissibility issues

12  or prior encounters with immigration authorities prior to the day he was detained at a

13  routine car licensing appointment."  (*Id.* ¶ 10.)

14      On December 11, 2025, Petitioner filed the Petition (Doc. 1) and TRO Motion

15  (Doc. 2).  The next day, the Court set a briefing schedule.  (Doc. 3.)  On December 17,

16  2025, Respondents filed their Return to Habeas Petition and Response in Opposition to

17  Application for Temporary Restraining Order ("Response").  (Doc. 6.)  On December 19,

18  2025, Respondents filed their Supplemental Response to Petition ("Supplemental

19  Response").  (Doc. 7.)  On December 19, 2025, Petitioner filed his Reply to Opposition

20  and Respondents' Supplemental Response to Petition ("Reply").  (Doc. 8.)

21                          II.    **LEGAL STANDARD**

22      A writ of habeas corpus is "available to every individual detained within the United

23  States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2).

24  "The essence of habeas corpus is an attack by a person in custody upon the legality of that

25  custody, and . . . the traditional function of the writ is to secure release from illegal

26  custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may

27  be granted by the Supreme Court, any justice thereof, the district courts and any circuit

28  judge within their respective jurisdictions." 28 U.S.C. § 2241(a).  The petitioner bears the

1  burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or

2  treaties of the United States."  *Id.* § 2241(c)(3).

### III.    DISCUSSION

4      Petitioner argues that his continued detention without a bond hearing violates "the

5  Court's orders in *Maldonado Bautista*"[1] and "the general bond provision at 8 U.S.C.

6  § 1226(a)."  (Doc. 1 ¶¶ 3–11.)   Respondents initially argued that Petitioner: (1) is

7  jurisdictionally barred from bringing his claims under 8 U.S.C. § 1252(g) and § 1252(b)(9);

8  (2) failed to exhaust remedies; (3) is legally detained under § 1225(b)(2); and (4) is not

9  entitled to relief under *Bautista* because that court "has not issued a class-wide declaratory

10  judgment." (Doc. 6 at 3–12.)  In their Supplemental Response, however, Respondents note

11  that the *Bautista* court recently entered final judgment as to the Bond Eligible Class, of

12  which Petitioner is a member, and now concede that Petitioner is detained under § 1226(a).

13  (Doc. 7 at 2.)  Because the Parties agree that Petitioner is detained under § 1226 rather than

14  § 1225, the Court grants the Petition.

15      The Court finds that immediate release, rather than requiring another bond hearing,

16  is the appropriate remedy.  At the November 28, 2025 hearing, the immigration judge

17  reviewed a 101-page evidentiary submission and determined that, if she had jurisdiction,

18  she would have ordered Petitioner released on a $2,000 bond with monitoring at the

19  discretion of the government.  (Robinson Decl. ¶ 9.)  Petitioner has been in immigration

20  custody since that time, which means that circumstances have not changed such that the

21  immigration judge's finding should be called into question.    Particularly given

22  Respondents' "weighty" interest in the "efficient administration of the immigration laws,"

23  *Landon v. Plasencia*, 459 U.S. 21, 34 (1982), it does not make sense to require Respondents

24  to set a new bond hearing before a potentially new immigration judge just to duplicate the

25  same efforts taken at the November 28, 2025 hearing.  Nor would this remedy prejudice

---

[1]  *See Bautista v. Santacruz*, — F. Supp. 3d —, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).

1  Respondents.  First, they have not contested the immigration judge's findings or argued

2  that Petitioner poses a flight risk or danger to the community.  Second, should Respondents

3  wish to make those arguments, they may do so by appealing the immigration judge's

4  decision to the Board of Immigration Appeals.  *See* 8 C.F.R. §§ 1003.19(f), 1003.38(a);

5  *Bui v. Holder*, No. 1:15-cv-0-636-JLT, 2015 WL 3903764, at *3 (E.D. Cal. June 25, 2015)

6  (noting that these "regulation[s] demonstrate[] a clearly-established administrative scheme

7  designed to address custodial determinations, a practice that includes an appeals process").

### IV.    CONCLUSION[2]

9      For the foregoing reasons, the Petition (Doc. 1) is **GRANTED**.  Accordingly:

10    1. Respondents are **ORDERED** to immediately release Petitioner from custody,

11        subject to a $2,000 bond and monitoring at the discretion of the government.

12    2. The TRO Motion (Doc. 2) is **DENIED AS MOOT**.

13        **IT IS SO ORDERED.**

14  DATE:  December 23, 2025

15

16  HON. RUTH BERMUDEZ MONTENEGRO
    UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

---

[2]  In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.